IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terry Shumpert Bailey, ) | Civil Action No. 2:10-2172-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

In accordance with the provisions of 28 U.S.C. 636(c); Fed. R. Civ. P. 73; and D.S.C. Local Rule 73.02(B)(1) the parties in this case have consented to have a United States Magistrate Judge conduct all proceedings in this case. Based upon this consent, the case was referred to the undersigned for final disposition by Order of the Honorable Cameron McGowan Currie, United States District Judge, filed Aril 23, 2010.

The plaintiff, Terry Shumpert Bailey, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration regarding her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The plaintiff was 33 years old on August 31, 2000, her alleged onset date, and 38 years of age as of December 31, 2005, her date last insured. (R. at 139). The plaintiff alleges she has been disabled August 31, 2000, due to arthritis, pinched nerve, numbness, disc deterioration, and anxiety. (R. at 136-39, 157.) The plaintiff has a high school education and past relevant work as an administrative assistant, cashier/cook, and waitress/cook. (R. at 158.)

The plaintiff filed an application for DIB on August 4, 2007. (R. at 136-39, 157.) Her application was denied initially and on reconsideration. (R. at 96-104, 107-109.) After a hearing on December 21, 2009, the ALJ issued an unfavorable decision on January 22,

2010. (R. at 7-78.) The Appeals Council denied Plaintiff's request for review, (R. at 1-4), making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

In making his determination that the plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the administrative law judge:

> (1) The claimant meets the insured status requirements of the Social Security Act on December 31, 2005.
>
> (2) The claimant did not engage in substantial gainful activity during the period from her alleged onset date of August 31, 2000, through her date last insured of December 31, 2005 (20 CFR 404.1571 *et seq.*).
>
> (3) Through the date last insured, the claimant has the following severe impairments: degenerative disc disease and obesity  (20 CFR 404.1520(c)).
>
> (4) Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).
>
> (5) After careful consideration of the entire record, I find that, through the date last insured, the claimant had the following residual functional capacity: she could not lift or carry over 20 pounds occasionally and 10 pounds frequently; she could only occasionally stoop, twist, crouch, kneel, climb stairs or ramps, crawl, or balance; and she could not climb ladders or scaffolds.
>
> (6) Through the date last insured, the claimant was able to perform her past relevant work as a cook, waitress, cashier, and sales clerk (20 CFR 404.1565).
>
> (7) The claimant was born on September 10, 1967 and was 38 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).
>
> (8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> (9) The claimant has acquired work skills from past relevant work (20 CFR 404.1568).

2

> (10) Considering the claimant's age, education, work experience, and residual functional capacity, the claimant had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a), 404.1568(d)).
>
> (11) The claimant was under a disability, as defined in the Social Security Act, at any time from August 31, 2000, the alleged onset date, through December 31, 2005, the date last insured (20 CFR. 404.1520(g)).

## **APPLICABLE LAW**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually

performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the

Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## DISCUSSION

The plaintiff makes only one objection to the administrative decision. She contends that the ALJ erred in failing to find her disabled insofar as the ALJ did not give the opinion of her treating physician controlling weight.

**I.    Treating Physician**

The plaintiff contends that the ALJ failed to properly consider the opinions of her treating physician, Dr. William Dacus. Specifically, the plaintiff complains that the ALJ, without explanation, essentially adopted the opinion of Dr. Dacus except for his recommendation that the plaintiff could stand/walk less than two hours in an eight-hour day.

On September 4, 2009, Dr. Dacus completed an impairment questionnaire. He opined that, since at least December 31, 2005,[1] the plaintiff could stand/walk less than two hours in an eight-hour workday and for one hour at a time; sit about four hours in an eight-hour workday and for one hour at a time; walk only one block at a time; rarely twist, stoop, crouch, squat, and climb ladders; never climb ladders; and lift up to 10 pounds frequently and 20 pounds occasionally. (R. at 372-73.) He stated that the plaintiff would miss more than four days of work per month, could not perform normal work activities in a competitive environment that would require her to stand, walk, or six hours a day. (R. at 373.) Dr. Dacus stated he believed that the plaintiff's chronic back pain and anxiety rendered her disabled since at least December 31, 2005. (R. at 374.)

As the plaintiff claims, less the stand/walk restriction, this assessment is essentially identical to the residual functional capacity (RFC) eventually adopted by the ALJ, notwithstanding his ultimate and purported decision to have only given "less weight to the assessment of Dr. Dacus." (See R. at 16 (RFC also quoted, herein, *supra* at 2).)

---

[1] This is the date through which the plaintiff was last insured for purposes of her benefits.

5

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. §416.927(d)(2)(2004); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). A "medical opinion," is a "judgment[] about the nature and severity of [the claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). However, statements that a patient is "disabled" or "unable to work" or meets the Listing requirements or similar statements are not medical opinions. These are administrative findings reserved for the Commissioner's determination. SSR 96-2p. Even if a treating physician's opinion is not entitled to "controlling weight," it is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." SSR 96-2p.

As indicated, Dr. Dacus stated that the plaintiff was disabled on the date last insured and supported that contention by indicating that she had functional limitations regarding her ability to sit and stand. (R. at 372-74.) The ALJ thoroughly recounted much of Dr. Dacus' treatment notes (R. at 13-15) but ultimately rejected his opinions because he found that they were not consistent with the doctor's own progress notes (R. at 16). The ALJ found that the medical records, prior to December 31, 2005, indicated that the plaintiff received only routine medical treatment for hypertension, diabetes, anxiety, ingrown toenails headaches, and musculoskeletal complaints. (R. at 16, 211-60.) In June 2000, two months before her August 2000 alleged onset date, the plaintiff reported that she was "feeling pretty good and having no problems." *Id.* On June 28, 2000, the plaintiff received treatment for an ingrown toenail (R. at 239) and that was the only problem the plaintiff reported on July 31, 2000, which made it difficult for her to wear shoes over the previous two days (R. at 238). The ALJ emphasized that numerous examinations "up through the claimant's date last insured

6

and well after her date last insured showed normal range of motion, strength, and tone, motor and sensory function, reflexes, gait, and coordination." (R. at 16.)

There are two problems. First, the plaintiff has identified treatment notes consistent with Dr. Dacus' disability opinion, prior to December 31, 2005.

> 1. The plaintiff had "chronic back spasms" for which she had been taking Soma (1/2/04) and back pain that radiated into her right leg along with muscle spasms noted by the provider (3/16/04). (R. at 248.)
>
> 2. Office visit record from Dr. Dacus dated April 27, 2005, with a diagnosis of low back pain. (R. at 339.)
>
> 3. Office visit record from Dr. Dacus dated May 3, 2005, noting back pain radiating into the buttocks. (R. at 337.) Records reflect ongoing back pain for approximately two years before the date last insured.
>
> 4. Office note of January 19, 2006, from Dr. Dacus finding chronic back pain that was "constant, severe, and throbbing" and for which the plaintiff "has not found anything that helps relieve the pain." (R. at 333.) This office note is for a visit a nineteen days after the date last insured and the references to chronic back pain, in light of the similar complaints made in 2004 and 2005 discussed above, seem to reflect an ongoing and chronic condition that predates the date last insured of December 31, 2005.
>
> 5. Other documentation of a continuation of the chronic back pain through out 2006 by way of the office note records of Dr. Dacus potentially corroborative of chronic and ongoing back problems existing prior to the date las insured. (R. at 297, 303-04, 332, 326, 323.)

The ALJ's decision is not cursory. It is, in a relative sense, thorough. And, the Court typically cautions that it is not enough simply that the plaintiff can produce conflicting evidence, which might have resulted in a contrary interpretation, so long as the ALJ has identified substantial evidence in support. *See Blalock*, 483 F.2d at 775. Here, however, the ALJ has largely declined the opinion of Dr. Dacus for the absence of corroborative evidence in the doctor's treatment notes. To the extent the plaintiff has identified some such notes, it raises concerns over the substantialness of the ALJ's view in this respect.

Additionally, and concerning the second problem with the treating physician determination, the ALJ does not seem to justify the implicit rejection of the walk/stand limitation, where other restrictions, recommended by Dr. Dacus, were, in fact, adopted. In the one instance, the ALJ makes a kind of blanket rejection of the opinion and, in the next, he is adopting it nearly *in toto*. (See R. at 16.) Between the two decisional points, there lacks any explanation as to why the evidence in support of an ability to stand/walk for no more two hours, in eight, is somehow, specifically, not worthy of credence. The ALJ does later, and exhaustively, recount the plaintiff's testimony as to daily activities and then, in a fairly summary fashion, find them not fully consistent with the medical records. But, the ALJ does not suggest precisely why the testimony of daily activities is incredible or, more to the issue here, explain how her testimony may have been somehow out of step with Dr. Dacus' opinion, such that his opinion was also worthy of disbelief; in fact, the two accounts, of the plaintiff and Dacus, appear largely congruent. (See R. at 17-18.)

An ALJ is not required to provide a written evaluation of every piece of evidence, but needs to at least "minimally articulate" his reasoning so as to "make a bridge" between the evidence and his conclusions. *Fischer v. Barnhart*, 129 Fed. Appx. 297, 303 (7th Cir. 2005) (citing *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir.2004)); *see also Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) ("ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered") (citations omitted). Even still, courts have consistently held that unexplained and rote observations that a treating physician's opinion is simply inconsistent with treatment notes is not a sufficient basis to reduce the opinion's weight. *See Cagle v. Astrue*, 266 Fed. Appx. 788, (10th Cir. 2008) (stating "the ALJ failed to explain or identify what the claimed inconsistencies were between [the treating physician's] opinion and the other substantial evidence in the record," and concluded that the ALJ's reasoning was not "sufficiently specific to enable this court to meaningfully review his findings" (quotations omitted).); *Langley v. Barnhart*, 373 F.3d 1116, 1122 (10th Cir.2004). The ALJ's decision is not rote. It is,

8

however, too generalized, in light of the ultimate RFC finding, for the Court to understand, and attempt to affirm, the ALJ's partial rejection of Dr. Dacus' opinion as to walk/stand restrictions but not others.

The matter is a material one because the plaintiff almost certainly cannot perform the required level of her past relevant work as concluded by the plaintiff if the stand/walk restriction is present.  *See* SSR 96-9p; 20 C.F.R.  § 404.1567(a), (b); (R. at 18, 19).

Because the ALJ's adoption of some but not all of Dr. Ducas' opinion was largely unexplained, it cannot be said that the determination is based on substantial evidence. Contrary to the ALJ's assertion, there appear treatment records that support it.  It is a close call, but the Court would decline to make an outright award of benefits.  The undersigned is nearly inclined to do so.  But, the evidence emphasized by the plaintiff concerning the walk/stand restriction may not be as strong as alleged.  The Court is always more comfortable allowing evidence to be considered and explained by the ALJs, in the first instance, which is their province.  It is enough, for remand, that there is an explanatory hole in the analysis, which must be shored before review is possible.

## **CONCLUSION**

Based upon the foregoing, the Court cannot conclude that the ALJ's decision to deny benefits was supported by substantial evidence.  It is, therefore, ORDERED, for the foregoing reasons, that the Commissioner's decision be reversed and remanded under sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings as set forth above.  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED.

> s/BRUCE H. HENDRICKS
> UNITED STATES MAGISTRATE JUDGE

November 22, 2011
Greenville, South Carolina